UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER GAKUBA,<br><br>               Petitioner,<br><br>    v.<br><br>CALIFORNIA ATTORNEY GENERAL,<br><br>               Respondent. | Case No. 2:22-cv-09243-FLA (AFM)<br><br>**ORDER SUMMARILY DISMISSING HABEAS PETITION FOR LACK OF SUBJECT MATTER JURISDICTION** |

     Before the court is Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF 1.) For the following reasons, the petition is summarily dismissed.

     In 2015, Petitioner was convicted of three counts of aggravated criminal sexual abuse in the Circuit Court of Winnebago County, Illinois. He was sentenced to prison for a term of 12 years. The Illinois Appellate Court affirmed his conviction on March 31, 2017. *People v. Gakuba*, 2017 IL App (2d) 150744-U. Petitioner's petition for leave to appeal was denied. *People v. Gakuba*, 89 N.E.3d 758 (Ill. 2017). (*See* ECF 1 at 21-22.)

     In 2017, Petitioner filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 in the United States District Court for the Northern District of Illinois. The petition raised seven grounds for relief, three of those claims were dismissed without prejudice for failure to exhaust (*see Gakuba v. Brannon*, 2017 WL 11473882, at *2 (N.D. Ill. Nov. 20, 2017)), and the remaining four were denied on the merits. *Gakuba v. Brannon*, 2018 WL 10127255, at *1 (N.D. Ill. Oct. 24, 2018). The U.S. Court of Appeals for the Seventh Circuit denied a certificate of appealability, *see Gakuba v. Neese*, 2019 WL 12536617 (7th Cir. June 24, 2019), and the United States Supreme Court denied Petitioner's petition for a writ of certiorari. *Gakuba v. Neese*, 140 S. Ct. 831 (2020). (*See* ECF 1 at 22-24.)

As Petitioner concedes, this is his second federal petition challenging his Illinois state conviction. (*See* ECF 1 at 19.) Seven of the claims raised in the present petition are identical to those raised in the petition filed in the United States District Court for the Northern District of Illinois. (*See* ECF 1 at 2, 31-39 (stating that claims are "scissor pasted verbatim from first-in-time habeas.")) The petition also includes a new ground for relief that was not raised in his prior federal petition – namely, a claim of structural error based upon the alleged bias and prejudice of the District Judge who presided over Petitioner's prior federal habeas corpus action. (*See* ECF 1 at 7, 122-126.)

To the extent that Petitioner raises claims already rejected on their merits by the Northern District of Illinois, those claims must be dismissed. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under [§] 2254 that was presented in a prior application shall be dismissed."). Generally, a "second or successive" petition is one that challenges the same judgment based on the same factual predicate as a petition filed earlier, so long as the earlier petition has been adjudicated on the merits. *Goodrum v. Busby*, 824 F.3d 1188, 1193-1194 (9th Cir. 2016); *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018).

To the extent Petitioner challenges his Illinois conviction based upon claims

that were not presented in his prior federal petition (or were not adjudicated on their merits), he must receive authorization from the U.S. Court of Appeals before filing such a second petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the U.S. Court of Appeals, this court lacks jurisdiction over a successive petition. *See Magwood v. Patterson*, 561 U.S. 320, 330-331 (2010); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

Petitioner has not obtained authorization from the U.S. Court of Appeals for the Ninth Circuit to file this second or successive petition.[1] Consequently, this court is without jurisdiction to entertain it.[2] *See Burton*, 549 U.S. at 153. Further, to the extent Petitioner might contend that the petition meets an exception to the bar on successive petitions, this argument must first be presented to the Court of Appeals.

///

///

///

---

[1] Petitioner is neither confined in this District nor challenging a conviction entered in this District. Thus, it is not clear whether this Court has personal jurisdiction over Petitioner's "custodian" or whether venue lies in the Central District. Nothing in this order shall be considered as resolving these issues.

[2] Pursuant to Ninth Circuit Rule No. 22-3(a), when a request for authorization to file a successive petition is "mistakenly submitted" to a district court, it must be referred to the Ninth Circuit. Rule 22-3(a) also provides that a district court may refer such a petition to the Ninth Circuit when doing so would serve the interests of justice. Neither circumstance is present in this case. Nevertheless, the Clerk is directed to mail petitioner a copy of Ninth Circuit Form 12 so that petitioner may file an application for leave to file a second or successive petition in the U.S. Court of Appeals.

IT THEREFORE IS ORDERED that this action be summarily dismissed without prejudice for lack of subject matter jurisdiction. IT IS FURTHER ORDERED that in light of this summary dismissal, Petitioner's request to proceed in forma pauperis (ECF 2) is denied.

JUDGMENT TO BE ENTERED ACCORDINGLY.

Dated: February 21, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge